UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALTWELLRX, INC.,

               Plaintiff-Appellant,

-against-

TOPICAL BIOMEDICS, INC.,

               Defendant-Appellee.

**ORDER**

25-CV-03276 (PMH)

PHILIP M. HALPERN, United States District Judge:

      AltWellRX, Inc. ("Appellant") appeals an order of the Bankruptcy Court which granted a motion to dismiss its claims against the Debtor, Topical Biomedics, Inc. ("Appellee"), in the underlying adversary proceeding, 24-AP-09028-KPY. On June 25, 2025, Appellant filed a letter advising this Court that the Bankruptcy Court's order "did not dismiss all claims against all parties." (Doc. 11). On November 3, 2025, Appellee responded to Appellant's letter, stating that the Bankruptcy Court's order of dismissal "does not fully resolve all of the pending issues" in the adversary proceeding underlying this appeal and, thus, the instant appeal is not from a final order under 28 U.S.C. § 158(a)(1). (Doc. 17). The Court agrees.

      A nonfinal order of a bankruptcy court is not appealable as of right under 28 U.S.C. § 158(a)(1). *See Delaney v. Messer (In re Delaney)*, 110 F.4th 565, 566 (2d Cir. 2024). Still pending in the underlying adversary proceeding are: (i) Appellant's claims against Commercial Finance Partners, LLC, KeyBank National Association, and the U.S. Small Business Administration; (ii) KeyBank National Association's counterclaim against Appellant; and (iii) KeyBank National Association's cross-claims against Appellee, Commercial Finance Partners, LLC, and the U.S. Small Business Administration. (*See* Doc. 17-1 at 4). Consequently, the Bankruptcy Court's order granting Appellee's motion to dismiss is not a final order under 28 U.S.C. § 158(a)(1). *See Delaney*,

110 F.4th at 568 (stating that a bankruptcy court order is "nonfinal" if it does not "finally dispose of a discrete dispute within the larger bankruptcy case." (citation modified)).

District courts, however, have "discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court" under 28 U.S.C. § 158(a)(3). *Gibson v. Kassover (In re Kassover)*, 343 F.3d 91, 94 (2d Cir. 2003). The standard for whether to grant leave to appeal an interlocutory order of a bankruptcy court is set forth in 28 U.S.C. § 1292(b). *See Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018). Appellant has not sought this Court's leave to appeal the Bankruptcy Court's order dismissing its claims against Appellee. Even if Appellant had so moved, leave to appeal would be denied, as none of the 28 U.S.C. § 1292(b) factors are met here. *See id.* at 558. Accordingly, the Court hereby dismisses this appeal.

The Clerk of Court is respectfully requested to close this case.

**SO ORDERED.**

Dated:   White Plains, New York
         November 5, 2025

_____
PHILIP M. HALPERN
United States District Judge